United States Court of Appeals
Fifth Circuit

**F I L E D**

April 8, 2005

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

—————————————

No. 04-20199

—————————————

WALTER BREGON,

Plaintiff - Appellant,

versus

AUTONATION USA CORPORATION; ET AL

Defendants,

AUTONATION USA CORPORATION; AUTONATION USA; AUTONATION INC
AUTONATION INC, formerly known as Mercedes Benz of Houston Greenway; HOUSTON
AUTO IMPORTS GREENWAY LTD; HOUSTON AUTO IMPORTS GREENWAY LTD, also
known as Park Place Motorcars South; HOUSTON AUTO IMPORTS GREENWAY LTD, also
known as Mercedes Benz of Houston Greenway,

Defendants - Appellees.

—————————————————————————

Appeal from the United States District Court
For the Southern District of Texas, Houston
(No. 4:02-CV-192)

—————————————————————————

Before JOLLY, DAVIS, and CLEMENT, Circuit Judges.

EDITH BROWN CLEMENT, Circuit Judge:[*]

Plaintiff-appellant Walter Bregon appeals the district court's grant of defendants' motion for

summary judgment and denial of Bregon's Motion for Leave to Extend Time and his Motion to

---

[*] Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5th Cir. R.
47.5.4.

Reopen Discovery, Amend Designation of Experts and Third Motion to Compel. For the following reasons, we reverse and remand for proceedings consistent with this opinion.

I.

Walter Bregon, an Hispanic male, worked from 1997 until March 20, 2001 as a Sales Consultant at Houston Auto Imports Greenway, Ltd. (HAIG).[1] Bregon was an effective if abrupt salesman, garnering the Mercedes Benz USA Star Achiever Award in 2000 for his "significant role in making [his] dealership successful." In November 2000, as Bregon began to agitate for a managerial position at the Dealership, he contemporaneously began to receive disciplinary warnings about his behavior. On March 13, 2001, he filed a complaint with the Equal Employment Opportunity Commission ("EEOC") for discriminatory failure to promote. One week later, he was fired. He amended his complaint to include retaliatory discharge.

Bregon filed suit in district court alleging discriminatory failure to promote, discriminatory/retaliatory termination under the Texas Commission on Human Rights Act ("TCHRA"), Tex. Lab. Code Ann. § 21.001 *et seq.*, and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, intentional infliction of emotional distress, and negligent hiring, retention and supervision under state law. Defendants moved for summary judgment.

The district court, adopting the magistrate judge's findings and recommendations, concluded that Bregon failed to provide competent summary judgment evidence that he was directly employed by defendants AutoNation USA Corporation, AutoNation USA, AutoNation, Inc., and AutoNation,

---

[1] Bregon first was employed with Mercedes Benz of Houston – Greenway, which was owned by Park Place Motor Cars of Houston, Ltd. In 1999, that dealership was purchased by Houston Auto Imports Greenway, Ltd., a subsidiary of AutoNation. Bregon concedes that he has no complaint against any of the Park Place defendants and has indicated he will dismiss them from his complaint.

Inc., formerly known as Mercedes Benz of Houston-Greenway. Those entities were dismissed from the suit, leaving only HAIG. The district court's order also dismissed all of the state law claims. Bregon does not raise these issues on appeal, and these matters therefore are not before us.

The district court also dismissed Bregon's discriminatory failure to promote and the discriminatory/retaliatory termination claims. The district court concluded that Bregon failed to satisfy the third prong of the *McDonnell Douglas* burden-shifting requirement for discriminatory failure to promote, failed to make a *prima facie* case for discriminatory termination, and failed to make a *prima facie* case for retaliatory termination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). For the reasons contained in Part III, those decisions are reversed.

The district court denied Bregon's motions to compel based on the reasons set forth in its conclusions regarding the discrimination and retaliation claims. To the extent that the denials of the motions rely on the reasoning now reversed, those denials are vacated. We remand those motions with instructions to reconsider in a manner consistent with this opinion.

## II.

This Court reviews a grant of summary judgment *de novo*. *Price v. Fed. Express Corp.*, 283 F.3d 715, 719 (5th Cir. 2002). Summary judgment must be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Price*, 283 F.3d at 719. "On a motion for summary judgment, a court must review the facts in the light most favorable to the non-movant." *Id*.

## III.

The analysis of Title VII claims under the *McDonnell Douglas* framework is as follows:

3

> First, the plaintiff must establish a *prima facie* case of discrimination. . . . . The burden the[n] shift[s] to respondent to produc[e] evidence that the plaintiff was rejected, or someone else was preferred, for a legitimate, nondiscriminatory reason. . . . [Finally] the plaintiff . . . must be afforded the opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination.

*Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142–43 (2000) (internal quotations and citations omitted). Claims of discrimination under the TCHRA are evaluated under the same burden shifting analysis as Title VII claims. *Shackelford v. Deloitte & Touche, L.L.P.*, 190 F.3d 398, 404 n.2 (5th Cir. 1999).

A. Discriminatory Failure to Promote

The district court determined that Bregon met his *prima facie* case for discriminatory failure to promote. HAIG responded with testimony from the dealership's general manager, Mike Sullivan, that he believed Bregon to be unqualified for the position because he "had a temperament problem" and "exploded at other employees." For the final prong of the *McDonnell Douglas* burden-shifting test, Bregon must show that the employer's reason is pretext either by offering evidence that would disprove the reason *or* demonstrate ulterior motive. *Reeves*, 530 U.S. at 147–48. The district court concluded that "there is no evidence that Sullivan denied Plaintiff a promotion because of his national origin, which is the only issue before the court." In fact, Bregon offered testimony from another of his supervisors, Matt Burkholder, that Bregon had a good relationship with Burkholder, his colleagues, and the customers. This evidence contradicts defendant's stated reason that Bregon was unqualified. Further, Bregon provided evidence that other minorities had complained about promotion discrimination. Therefore, we conclude that Bregon had presented sufficient evidence to find that HAIG's asserted justification is false, which may permit a trier of fact to conclude that HAIG unlawfully discriminated. *See id.* at 148.

4

B. Discriminatory Termination

The district court concluded that Bregon failed to make a *prima facie* case that he was fired because of race discrimination. Bregon must demonstrate that he (1) is a member of a protected class, (2) he was qualified for the position, (3) he was discharged, and (4) his employer filled the position with a person who is not a member of the protected class, or in a disparate treatment case, was treated less favorably than a similarly situated employee of another race. *See, e.g.*, *Okoye v. Univ. of Tex. Houston Health Sci. Ctr.*, 245 F.3d 507, 512–13 (5th Cir. 2001). We conclude that Bregon has made a *prima facie* case and has provided evidence that, when "taken as a whole[,] (1) creates a fact issue as to whether each of the employer's stated reasons was what actually motivated the employer and (2) creates a reasonable inference that [race] was a determinative factor in the actions of which plaintiff complains." *Rhodes v. Guiberson Oil Tools*, 75 F.3d 989, 994 (5th Cir. 1996) (en banc). The district court dismissed this claim in error and Bregon should be allowed to present his discriminatory termination claim to the trier of fact.

C. Retaliatory Termination

The district court concluded that Bregon had not made a *prima facie* case for retaliatory termination. Specifically, it found that he failed to show that "there was a causal connection between the participation in the protected activity . . . and the adverse employment action." *Webb v. Cardiothoracic Surgery Assocs., P.A.*, 139 F.3d 532, 540 (5th Cir. 1998). However, Bregon was fired only a week after he filed his complaint and he offered evidence that people at work were likely aware of his complaint. This Court has held that the combination of temporal proximity and possibility of knowledge of the complaint is sufficient to satisfy a defendant's *prima facie* burden for a retaliation claim. *See, e.g.*, *Evans v. Houston*, 246 F.3d 344, 354 (5th Cir. 2001) (finding a *prima*

5

*facie* case when plaintiff was fired five days after complaint filed); *Swanson v. Gen. Servs. Admin.*, 110 F.3d 1180, 1188 (5th Cir. 1997) (one day); *see also Handzlik v. United States*, 93 Fed. Appx. 15, 19 (5th Cir. 2004) (unpublished) (two months). Bregon satisfied this burden.

IV.

For the foregoing reasons, we REVERSE, VACATE and REMAND the grant of summary judgment on the issues of discriminatory failure to promote and discriminatory and retaliatory discharge under the TCHRA and Title VII. We VACATE the denial of Bregon's motions to compel, with instructions to reconsider them in a manner consistent with this opinion.